DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Leonte M. Hobdy, appeals from the judgment of the Summit County Court of Common Pleas, which sentenced him to two years incarceration for violating the terms of his community control. We reverse and remand.
 {¶ 2} In an indictment filed February 12, 2004, Defendant was indicted on the following charges: one count of improperly discharging a firearm at or into a habitation, in violation of R.C. 2923.161(A)(1), a felony of the second degree; one count of having weapons while under disability, in violation of R.C. 2923.14, a felony of the fifth degree; and one count of aggravated menacing, in violation of R.C. 2903.21, a misdemeanor of the first degree. Defendant pled not guilty to all charges.
 {¶ 3} At his sentencing hearing on April 13, 2004, Defendant changed his not guilty plea and entered a plea of guilty to the charge of improperly discharging a firearm. The charges of having weapons while under disability and aggravated menacing were dismissed. In a journal entry filed April 21, 2004, the trial court sentenced Defendant to three years of community control.
 {¶ 4} On November 23, 2004, Defendant pled guilty to violating the terms of his community control. The trial court revoked the terms of his community control and sentenced Defendant to two years incarceration.
 {¶ 5} Defendant appealed his two-year incarceration sentence, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred in imposing a prison sanction for the community control violation because [Defendant] had not previously been informed of the specific prison term he could receive upon a violation of community control."
 {¶ 6} In his first assignment of error, Defendant asserts that the trial court erred when it imposed a prison sentence upon him after he violated the terms of his community control. Specifically, Defendant argues that the trial court was required to notify him of the consequences of violating his community control at his initial sentencing. In its appellate brief, the State concedes that the trial court erred when it imposed incarceration upon Defendant, and does not dispute this assignment of error. We agree.
 {¶ 7} R.C. 2929.19(B)(5) states:
"(5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation[.]"
 {¶ 8} R.C. 2929.15(B) states:
"If the conditions of a community control sanction are violated or if the offender violates a law * * *, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction * * *, or may impose a prison term on the offender[.]"
 {¶ 9} Recent Ohio Supreme Court cases have reviewed the issue of incarceration following community control violations. The Court held inState v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, that:
"[P]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Id at ¶ 29.
 {¶ 10} In addition, the Supreme Court clarified the timing of the required notification in State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110, concluding that:
"[P]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for such a subsequent violation." Id at ¶ 18.
 {¶ 11} Following the analysis in Brooks and Fraley, this Court addressed this issue in State v. McWilliams, 9th Dist. No. 22359,2005-Ohio-2148, where we concluded that:
"Based on the foregoing and the continuous goal of `truth in sentencing,' we hold that a trial court must first notify a defendant at a sentencing hearing of the specific prison term it will impose if he violates community control. Notification must also be contained in the accompanying sentencing journal entry." Id at ¶ 16.
 {¶ 12} In McWilliams, if the defendant was not notified, at his original sentencing or a subsequent proceeding, of the specific period of incarceration he would receive for violating his community control, then the trial court may not sentence him to a period of incarceration. Id at ¶ 9.
 {¶ 13} At Defendant's April 13, 2004, sentencing hearing, the trial court set forth the nature of Defendant's crime and the possible incarceration that could accompany it:
"That's a felony of the second degree. And for felonies of the second degree, you could get anywhere from two to eight years in a penal institution and a fine of up to $5,000. Do you understand that? * * * If you are sent to a penal institution and had any time in this case, then when you are released there is a period of post-release control. Under that control, if you violate the law or their rules and regulations, they can return you to that institution and add up to one-half, or 50 percent, to any sentence I give you. Do you understand that?"
 {¶ 14} Here, the trial court explained to Defendant the possibility that he could be incarcerated for the crime of improperly discharging a firearm, the post-release control that would follow, and what would happen if Defendant violated the post-release control. However, the trial court did not explain or notify Defendant that if Defendant was first sentenced to community control instead of incarceration, that Defendant's violation of the terms of his community control would result in a specific period of subsequent incarceration. The journal entry, filed April 21, 2004, is also void of the possibility of incarceration following a community control violation.
 {¶ 15} This Court notes that Defendant's original sentencing hearing in April 2004 was prior to the decisions in Brooks and Fraley. However, in State v. Ratkosky, 9th Dist. No. 05CA0012-M, 2005-Ohio-4368, this Court agreed with the Fifth and Twelfth Appellate Districts that Brooks
was not retroactively applicable to cases where an appellant's conviction and sentence were final before Brooks was decided. At the November 2004 sentencing hearing, Defendant's counsel attempted to bring the Brooks
decision to the trial court's attention regarding its retroactive applicability to Defendant's case. However, no further discussion was Court of Appeals of Ohio, Ninth Judicial District had, and no further objection was raised at the end of the sentencing hearing when Defendant's sentence was pronounced, although the judge did not ask if there was any objection or anything further to discuss before adjourning the proceedings.
 {¶ 16} Defendant's failure to object to the sentence may be seen as analogous to previous decisions by this Court, which held that if a trial court fails to state, on the record, its findings and reasons in support of non-minimum, maximum, or consecutive sentences, "the defendant must raise a timely objection to the trial court in order to preserve that error for appeal[.] [O]therwise[,] that objection is forfeited." Statev. DiGiovanni, 9th Dist. No. 22242, 2005-Ohio-1131, at ¶ 5, citing Statev. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 32.
 {¶ 17} We find specific differences in the present case. Where we have previously applied the Riley decision, the cases have all been of a similar nature where an offender was sentenced to non-minimum, maximum or consecutive sentences under R.C. 2929.14(B), or involved first time offenders receiving a non-minimum sentence.
 {¶ 18} However, at the April 2004 sentencing hearing, the trial court did not impose a prison sentence of any length upon Defendant, even though the court made it clear to Defendant that there was a "presumption of penal incarceration in this case" because the felony degree of Defendant's crime permitted the court to sentence him from anywhere from two to eight years. The court was also Court of Appeals of Ohio, Ninth Judicial District informed that Defendant had previously served a prison term. Instead, the trial court concluded the sentencing hearing by stating:
"Now, I will keep that in mind if you violate any of these rules. * * * During this period of probation, that will be three years, you will obey all laws, the rules and regulations of probation, refrain from offensive conduct of every nature. When you are released, you will not live next door to [the victim] for at least 60 days."
 {¶ 19} The court also stated to Defendant that he was not to have any form of communication with the victim, dismissed the other counts of the indictment and concluded the hearing. We find that once the trial court sentenced Defendant to community control, instead of incarceration, the court should have followed the subsequent notification requirement of R.C. 2929.19(B)(5). As the trial court failed to notify Defendant of the consequences of violating his community control, pursuant to R.C. 2929.19(B)(5), we conclude the trial court erred when it sentenced Defendant to two years incarceration following his community control violation in November 2004.
 {¶ 20} As we have determined that the trial court failed to properly notify Defendant under R.C. 2929.19(B)(5), we now address the issue of what sentence the trial court may impose on Defendant. After holding that a trial court must inform an offender of the "specific prison term" he will receive if he violates the terms of his community control, theBrooks Court addressed the remedy an appellate court must afford an appealing offender.
"When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing. In community control sentencing cases in which the trial court failed to comply with R.C. 2929.19(B)(5), however, a straight remand can cause problems. Due to the particular nature of community control, any error in notification cannot be rectified by `renotifying' the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Brooks at ¶ 33. (Internal citations omitted.)
 {¶ 21} In the situation where "a trial court sentences an offender who has violated conditions of community control and the defendant did not receive notice of the specific term under R.C. 2929.19(B)(5) so that a prison term is not an option," the trial court must choose between the only option remaining under R.C. 2929.15(B): 1) impose a longer time under the same sanction or, 2) impose a more restrictive sanction. Id. at fn. 2.
 {¶ 22} Following the standard in Brooks, we find that the trial court's failure to give requisite notice in its journal entry requires this Court to reverse Defendant's sentence. Further, under the clear mandate of Brooks, the trial court's failure to give the proper notification prohibits it from sentencing Defendant to prison for the November 2004 community control violation. Instead, the trial court is limited to either extending Defendant's community control sanction or imposing a more restrictive sanction. Id. at fn. 2. Court of Appeals of Ohio, Ninth Judicial District
 ASSIGNMENT OF ERROR II
"The trial court erred in imposing a prison sanction for the community control violation because the sole basis for the violation was [Defendant's] use of an illegal drug, and the trial court did not make findings to support the imposition of a prison terms, as required by R.C. 2929.13(E)(2)."
 {¶ 23} Our analysis of Defendant's first assignment of error, as well as the State's concession to the trial court's error, renders Defendant's second assignment of error moot and we decline to address it. See App. R. 12(a)(1)(c).
 {¶ 24} Defendant's first assignment of error is well taken. Defendant's first assignment of error is sustained, and his second of error is rendered moot. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, J. Moore, J. concur in judgment only.