OPINION
{¶ 1} Defendant-appellant, Charles Kelly, Jr., appeals the decision of the Butler County Court of Common Pleas, revoking community control and sentencing him to prison for a total of 22 months. We affirm the decision of the trial court.
 {¶ 2} On January 23, 2003, appellant pled guilty to two counts of non-support of dependents, both fifth-degree felonies. On March 6, 2003, appellant was sentenced to five years of community control. The court's journal entry, filed March 12, 2003, states that "violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to twelve (12) months, per count one and two herein, to run consecutively."
 {¶ 3} In November 2004, appellant violated a condition of his community control by again failing to pay his child support obligations. By entry dated January 20, 2005, the trial court found appellant had violated his community control and ordered that appellant was "continued on probation on the same conditions as set forth previously and the specific imposed conditions ordered by the Court, to wit: to serve 30 days in the Butler County Jail." The entry further stated that "violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of twelve (12) months per Counts One and Two to be served consecutively."
 {¶ 4} On June 9, 2005, appellant again appeared in court and admitted to violating his community control by failing to pay his child support obligations. A transcript of this proceeding appears in the record presented to this court. After hearing statements from counsel and appellant, the trial court proceeded immediately to sentencing. The trial judge noted that this was appellant's second community control violation in this case, that appellant had failed to respond favorably to sanctions in the past, and that the victims in the case had suffered serious economic harm as result of appellant's failure to pay his child support obligations. The trial judge also noted that appellant had an extensive prior record increasing the risk of recidivism, that appellant continued to fail and refuse to obtain employment from which a wage assignment could be secured, and that he was therefore not amenable to available community control sanctions.
 {¶ 5} Based on these findings, the judge sentenced appellant to serve 11 months on the first count of nonsupport, 11 months on the second count of nonsupport, and ordered that the sentences were to run consecutively for a total of 22 months. The court found the consecutive terms were necessary to adequately protect the public and were not disproportionate under the circumstances.
 {¶ 6} Appellant raises two assignments of error in his appeal to this court.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED IN STRICTLY COMPLYING WITH O.R.C. 2929.15(B) WHEN IT DID NOT INFORM THE APPELLANT OF A DEFINITE TERM OF INCARCERATION FOR A VIOLATION OF COMMUNITY CONTROL."
 {¶ 9} Appellant argues that the trial court lacked the authority to sentence him to a term of imprisonment when it had failed to ever inform him of the specific term of imprisonment that would be imposed for a violation of community control. Appellant cites the Ohio Supreme Court case of State v. Brooks,103 Ohio St. 3d 134, 2004-Ohio-4746, in which the Court found that the language of R.C. 2929.19(B)(5), in conjunction with R.C.2929.15(B), require a trial court to inform a defendant being sentenced to community control of the specific term of imprisonment that will be imposed for violating the conditions of community control.
 {¶ 10} R.C. 2929.19(B)(5) states:
 {¶ 11} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed * * * [t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific term that may be imposed as a sanction for the violation * * *."
 {¶ 12} In Brooks, the Court held that a trial court must notify an offender at the sentencing hearing of the specific prison term that may be imposed for a violation of community control as a prerequisite to imposing such prison term for a subsequent violation. Id. at ¶ 29.
 {¶ 13} Appellant argues he was never informed of the specific term of imprisonment that could be imposed for violating his community control and that this court must therefore follow the rule of Brooks and vacate the sentence of incarceration. The state merely adopts the statement of facts as recited by appellant and argues that Brooks would not apply retroactively to appellant's original sentence because that sentence was final prior to Brooks, citing our recent decision in State v.Madaffari, Butler App. No. CA20040-8-193, 2005-Ohio-3625
(finding Brooks did not apply retroactively). Neither party supplied transcripts of either of appellant's two sentencing hearings for our review on appeal. However, we have sua sponte supplemented the record with those two transcripts and, on review, it is clear that appellant was properly informed of the specific term of imprisonment that would be imposed for future violations of his community control at both hearings.
 {¶ 14} While the March 2003 judgment entry mistakenly uses the terms "up to" when referring to the potential term of imprisonment, the transcript of the sentencing hearing held March 6, 2003 clearly reflects the trial judge's order:
 {¶ 15} "Mr. Kelly, if you fail to abide by the current conditions of your community control, you'll be brought back before the Court. At that time I've already told you I'm going to give you 12 months on each count. And I'm going to run it consecutive, and you'll serve 24 months in prison. Do you understand the consequences?"
 {¶ 16} To which appellant replied, "Yes, sir."
 {¶ 17} Further, upon appellant's first violation of the conditions of his community control, he was resentenced. At that hearing, held January 6, 2005, appellant was again told, "[i]f you come back before the Court on another violation, if you fail to abide by the sanctions imposed, the Court will sentence you to 12 months on Count One, and will sentence you to twelve months on Count Two to the Ohio Department of Rehabilitation and Corrections. The Court will run those sentences consecutive to one another, and you'll serve 24 months in prison. Is that clear?"
 {¶ 18} To which appellant once again replied, "Yes, sir."
 {¶ 19} It is therefore clear from a review of the transcripts of appellant's sentencing hearings that he was in fact informed of the specific term of imprisonment to be imposed for violating the conditions of his community control, in compliance with the relevant sentencing statutes and the Court's ruling in Brooks.
We therefore find that appellant's argument under this assignment of error is without merit and is overruled.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "THE TRIAL COURT ERRED IN NOT CONSIDERING ANY OF THE LESS SEVERE SANCTIONS, OTHER THAN PRISON, WHEN SENTENCING APPELLANT, AND FOR FAILING TO MAKE ANY FINDINGS AS TO WHY THE LESS SEVERE SANCTIONS WOULD NOT BE APPROPRIATE."
 {¶ 22} Appellant argues that the court erred in failing to consider other, less restrictive sanctions available when sentencing him upon his second violation of the conditions of his community control in June 2005. Appellant's argument amounts to an allegation that the court erred finding that appellant was not again amenable to community control. We disagree.
 {¶ 23} R.C. 2929.15(B) gives a trial court three options in resentencing an offender upon a violation of the conditions of his community control. Upon a violation, "the sentencing court may impose a longer time under the same sanction * * * may impose a more restrictive sanction * * * or may impose a prison term * * * [which] shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing."
 {¶ 24} In determining the appropriate sentencing option, R.C.2929.13(B) governs the sentencing of an offender who is convicted of a fourth or fifth-degree felony. Under R.C. 2929.13(B), a sentencing court must first determine whether any of the factors enumerated in R.C. 2929.13(B)(1) are applicable. If the court finds at least one of the factors is applicable, then the court reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. If the trial court finds after this review that the offender is not amenable to community control and that a prison term is consistent with R.C. 2929.11 purposes and principles of felony sentencing, then the court is required to impose a prison term. R.C.2929.13(B)(2)(a); State v. Fields, Butler App. No. CA2005-03-067, 2005-Ohio-6270, ¶ 22.
 {¶ 25} In the case at hand, the court heard appellant's arguments in mitigation and made several findings on the record at the sentencing hearing. The court stated that it had reviewed the presentence investigation report and the recommendations and history of supervision. The court also noted that it considered the purposes and principles of sentencing and weighed the recidivism and seriousness factors. The court then went on to find that appellant had an extensive prior record, that he had failed to respond favorably to sanctions imposed in the past, and that he continued to show no remorse; all factors increasing his risk of recidivism. The court also found that the victim suffered serious economic harm as a result of appellant's continued failure to pay his child support obligations.
 {¶ 26} The court went on to find that appellant held a position of trust, that the offense related to that position of trust, and that the position obligated appellant to prevent the offense from occurring. R.C. 2929.13(B)(1)(d). The court also found that appellant had previously served a prison term, see R.C. 2929.13(B)(1)(g), that this was appellant's second probation violation since his placement on community control, and that appellant refused to get a job from which a wage assignment could be secured. Based on these findings, the court found that appellant was not amenable to available community control sanctions and imposed 11 months incarceration on each of the two counts, ordering them to run consecutively. The court found that the consecutive terms were necessary to adequately protect the public and were not disproportionate under the circumstances. The court further found that, "given the nature of the offense * * * to impose something other than consecutive sentences would be inconsistent with the purposes and principles of sentencing * * *."
 {¶ 27} It is clear from the transcript of the hearing that the court did in fact consider the appropriate factors in determining that appellant was not amenable to further community control sanctions. We find no error in the court's determination that appellant was no longer amenable to sanctions less restrictive than incarceration. Appellant's second assignment of error is therefore overruled.
 {¶ 28} Judgment affirmed.
Young and Bressler, JJ., concur.