OPINION
{¶ 1} Defendant-appellant, Ronald L. Shamblin, appeals from the judgments and sentences entered by the Franklin County Court of Common Pleas following the revocation of his community control.
 {¶ 2} On January 11, 2002, appellant was indicted in case No. 02CR-146 on one count of felonious assault, in violation of R.C. 2903.11, and one count of assault, in violation of R.C. 2903.13. On February 1, 2002, appellant was indicted in case No. 02CR-508 on one count of failure to comply with an order or signal of a police officer, in violation of R.C. 2929.331.
 {¶ 3} Appellant was subsequently convicted, following a bench trial, of aggravated assault in case No. 02CR-146; also in that case, he entered a guilty plea to the assault charge. Appellant additionally entered a guilty plea to the charge of failure to comply with an order or signal of a police officer in case No. 02CR-508.
 {¶ 4} On March 20, 2003, the trial court held a sentencing hearing regarding both cases. The trial court imposed a five-year period of community control in those cases, with a suspended sentence of 17 months incarceration on each of the two counts in case No. 02CR-146, to run concurrent with each other but consecutive to a four-year suspended sentence imposed in case No. 02CR-508.
 {¶ 5} On February 2, 2005, the state filed a request for revocation of probation, based upon allegations that appellant had been arrested for burglary (September 20, 2004), breaking and entering (December 10, 2004), and that he had failed to make regular payments toward his court costs. The state subsequently filed an "addendum request for revocation of probation," additionally alleging that appellant had been indicted *Page 3 
for trafficking in drugs (September 12, 2005), had tested positive for alcohol (November 3, 2005), and had been arrested for OMVI and speed (November 11, 2005).
 {¶ 6} On February 16, 2006, the trial court held a sentencing hearing in case Nos. 04CR-8206, 05CR-6075, 04CR-6314, 02CR-508, and 02CR-146. At the hearing, appellant entered a guilty plea to one count of breaking and entering in case No. 04CR-6314, and a guilty plea to one count of trafficking in cocaine in case No. 05CR-6075. The court also addressed the two revocation cases, indicating it would impose the original sentences in case Nos. 02CR-146 and 02CR-508.
 {¶ 7} By judgment entry filed February 17, 2006, the trial court sentenced appellant to a four-year determinate sentence in case No. 02CR-508. By separate entry, in case No. 02CR-146, the court imposed a 17-month determinate sentence as to Count 2, to be served concurrent with the sentence in Count 1, and the court further ordered the sentence in case No. 02CR-508 to be served consecutive with the sentence in case No. 02CR-146.
 {¶ 8} This court subsequently granted appellant's motions to file delayed appeals from the judgments of the trial court filed February 16, 2006, and February 23, 2006. The appeals have been consolidated for review. On appeal, appellant sets forth the following single assignment of error for review:
 THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT TO PRISON AFTER A VIOLATION OF COMMUNITY CONTROL SANCTIONS, WHEN THE COURT AT THE TIME OF THE ORIGINAL SENTENCING HEARING, GAVE THE DEFENDANT-APPELLANT CONFLICTING INFORMATION REGARDING THE SENTENCE DEFENDANT-APPELLANT WOULD RECEIVE UPON VIOLATION OF THE TERMS OF COMMUNITY CONTROL. *Page 4 
 {¶ 9} Under his assignment of error, appellant contends that the trial court erred in sentencing him to a prison term following revocation of community control when, it is contended, the court gave conflicting information regarding the sentence he would receive upon violation of the terms of community control. Appellant initially argues that the trial court, during the sentencing hearing, went "back and forth between its rationale and its sentence," thus making the sentencing proceeding "difficult to follow and somewhat unclear." Further, appellant notes, he was also provided "notices" to be signed by himself and his attorney regarding imposition of community control that added further confusion to the proceedings. Those notices stated in relevant part: "[T]he Court may impose a prison term of up to 17 months" (case No. 02CR-146), and "the Court may impose a prison term of up to 4 years" (case No. 02CR-508).
 {¶ 10} Appellant maintains that any criminal defendant provided with such inconsistent information by a sentencing court would be unsure whether a violation could result in a specific term of imprisonment. Upon review of the record, we find no merit to appellant's argument.
 {¶ 11} R.C. 2929.19(B)(5) states as follows:
 If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison *Page 5 
terms for the offense pursuant to section 2929.14
of the Revised Code.
 {¶ 12} In State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 19, the Ohio Supreme Court had occasion to construe the provisions of R.C. 2929.19(B)(5), holding in relevant part:
 Having established that the statutory scheme envisions the sentencing hearing itself as the time when the notification must be given, we next consider what language the trial court should use. By choosing the word "specific" in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as "twelve months' incarceration," if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive "the maximum," or a range, such as "six to twelve months," or some other indefinite term, such as "up to 12 months." The judge is required to notify the offender of the "specific" term the offender faces for violating community control.
 {¶ 13} In the present case, the trial court informed appellant of the "specific" term he faced for violating community control. Specifically, the record of the March 20, 2003 hearing reflects that the court addressed appellant and stated: "[I]n Case No. 02CR-146, that's the two assaults, * * * I am going to sentence you to 17 months' Ohio Department of Rehabilitation And Corrections on Counts One and Two. I will run those concurrent with each other but consecutive with the sentence I am going to impose in the next case[.]" (Tr. at 9.) As to case No. 02CR-508, the court told appellant: "In the other case, * * * the felony three, failure to comply, * * * in that case you get four years, and that will run consecutive to the sentence I impose in 02CR-01-146." (Tr. at 13.) The trial court *Page 6 
emphasized to appellant, "if you violate the conditions of your probation or your community control, you will be looking at four years plus 17 months[.]" (Tr. at 13.) Later, the court reiterated: "I can tell you this, if you screw up, you are going to serve every day of the four years and 17 months[.]" (Tr. at 15.)
 {¶ 14} The record thus reflects that the trial court fulfilled the statutory requirements by informing appellant of the specific term he would serve upon a violation of community control. Appellant's suggestion that the written notices he signed following the hearing somehow added confusion to the proceedings, or conflicted with the court's oral notification, is not persuasive. At the outset, we note that, even assuming the written notices somehow confused appellant, neither he nor his counsel raised this issue at the time. Further, we agree with the state that, while the written notices, standing alone, may have been insufficient to comply with Brooks, supra, the court's oral notification at the sentencing hearing sufficiently apprised appellant of the specific term. See State v. Kelly, Butler App. No. CA2005-06-149, 2006-Ohio-1664 (despite fact that judgment entry utilized terms "up to" when referring to potential term of imprisonment, transcript of sentencing hearing clearly reflects that trial court informed appellant of specific imprisonment to be imposed for violating conditions of community control, and, therefore, notification was in compliance with relevant sentencing statutes and the Ohio Supreme Court's ruling in Brooks); State v. Moffit, Summit App. No. C.A. 22957,2006-Ohio-3340 (where defendant was notified, at sentencing hearing, of specific prison term he would receive if he violated terms of community control, court's statements at sentencing hearing also served to clarify trial court's judgment entry containing "up to" language; "[consistent with the Brooks Court, `[i]t would be overly rigid in [this] case to find that the *Page 7 
offender's knowledge of the maximum term for the offense [does] not satisfy the notice requirement of R.C. 2929.19(B)(5)'"). Id., at ¶ 7, quoting Brooks, at ¶ 32.
 {¶ 15} Based upon the foregoing, appellant's single assignment of error is without merit and is overruled, and the judgments of the Franklin County Court of Common Pleas are hereby affirmed.
Judgments affirmed.
 BRYANT and McGRATH, JJ., concur. *Page 1