OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant, Shea M. Miller-Nelson, appeals the judgment of the Union County Court of Common Pleas sentencing her to twelve months in prison. On appeal, Miller-Nelson argues that the trial court erred when it imposed a prison sentence at her community control violation hearing. Finding that the trial court erred in imposing the prison sentence, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 {¶ 3} In April 2005, the Union County Grand Jury indicted Miller-Nelson for one count of permitting drug abuse in violation of R.C. 2925.13(B), a felony of the fifth degree. Subsequently, Miller-Nelson entered a plea of not guilty.
 {¶ 4} In July 2005, Miller-Nelson withdrew her plea of not guilty and entered a plea of guilty to the count as charged in the indictment.
 {¶ 5} In August 2005, the trial court sentenced Miller-Nelson to three years of community control. The journal entry of sentence stated that "[defendant is advised that in the event there is a violation of any of the terms of community control, the Court may impose a longer time under the same sanction, may impose a more restrictive sanction, or will impose a prison sentence on the offender up to a maximum prison term of 12 months." (August 2005 Journal Entry, p. 2). *Page 3 
 {¶ 6} In January 2007, the trial court held a community control violation hearing and found that Miller-Nelson had violated the terms of her community control. The trial court then sentenced Miller-Nelson to a twelve month prison term for her conviction of permitting drug abuse.
 {¶ 7} It is from this judgment that Miller-Nelson appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE AT APPELLANT'S COMMUNITY CONTROL VIOLATION HEARING WHEN THE COURT FAILED TO NOTIFY APPELLANT OF A SPECIFIC SENTENCE AT HER ORIGINAL SENTENCING HEARING.
 {¶ 8} In her sole assignment of error, Miller-Nelson argues that the trial court erred when it imposed a prison sentence at her community control violation hearing because the court failed to notify her of a specific sentence at her original sentencing hearing. Specifically, she asserts that a court may not impose a prison sentence on an offender if the court did not previously advise her of a specific prison term that it would impose upon violation of the terms of community control. We agree.
 {¶ 9} R.C. 2929.19(B) governs felony sentencing hearings and provides, in pertinent part, that at a community control hearing, "the court shall notify the offender that, if the conditions of the sanction are violated * * * [the court may] impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for violation[.] * * *" R.C. 2929.19(B)(5). *Page 4 
 {¶ 10} In State v. Brooks, 103 Ohio St.3d 134, 814 N.E.2d 837, the Ohio Supreme Court interpreted R.C. 2929.19(B)(5) and held that in order to comply with the statute, "[t]he judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.'"Brooks at ¶ 19. Instead, "[t]he judge is required to notify the offender of the `specific' term the offender faces for violating community control." Id. Further, Brooks held that, when a trial court fails to provide proper notice of a specific term to the offender, "[t]he matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Id. at ¶ 33.
 {¶ 11} Here, the August 2005 journal entry of sentence states that Miller-Nelson was notified that upon violation of her community control "[t]he Court may impose a longer time under the same sanction, may impose a more restrictive sanction, or will impose a prison sentence on the offender up to a maximum prison term of 12 months." (August 2005 Journal Entry, p. 2). Under Brooks, this "range" of possible sentences does not constitute notification of a specific term as required by R.C.2929.19(B)(5). Therefore, the trial court did not provide proper notice to Miller-Nelson of a specific term. Consequently, the trial court could not impose a prison term upon Miller-Nelson at her resentencing. SeeBrooks at ¶ 33. Thus, we find that the trial court erred in imposing a prison term upon Miller-Nelson for her violation of community control. *Page 5 
 {¶ 12} Accordingly, we sustain Miller-Nelson's assignment of error.
 {¶ 13} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 SHAW and PRESTON, JJ., concur. *Page 1