OPINION *Page 2 
{¶ 1} On November 15, 2001, the Licking County Grand Jury indicted appellant, Jeremy Hall, on two counts of breaking and entering in violation of R.C. 2911.13 and one count of escape in violation of R.C.2921.34 (Case No. 01CR515). On December 6, 2001, appellant was additionally indicted on three counts of breaking and entering in violation of R.C. 2911.13 and two counts of safecracking in violation of R.C. 2911.31 (Case No. 01CR547).
 {¶ 2} On May 21, 2002, appellant pled guilty as charged. By judgment entries filed same date, the trial court sentenced appellant to five years of community control.
 {¶ 3} On February 6, 2007, the state filed a motion to revoke appellant's community control. By judgment entries filed February 23, 2007, the trial court found appellant violated the terms of his community control, and sentenced him to an aggregate term of one and one-half years in prison.[1]
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED MR. HALL TO PRISON FOR VIOLATING COMMUNITY CONTROL, AS IT HAD NOT PREVIOUSLY TOLD HIM OF A SPECIFIC PRISON SENTENCE IT WOULD IMPOSE." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in sentencing him after revoking community control as the trial court had not previously informed him of his potential sentence. We disagree.
 {¶ 7} In support of his argument, appellant cites the Supreme Court of Ohio's opinion in State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746. The Brooks court held the following at paragraph two of the syllabus:
 {¶ 8} "Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term thatmay be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." (Emphasis added.)
 {¶ 9} R.C. 2929.19(B)(5) states the following:
 {¶ 10} "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer,the court may impose a longer time under the same sanction, may impose amore restrictive sanction, or may impose a prison term on the offenderand shall indicate the specific prison term that may be imposed as asanction for the violation, as selected by the court from the *Page 4 
range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
 {¶ 11} R.C. 2929.15(B) reiterates the three options mentioned in R.C.2929.19(B)(5), and states the following:
 {¶ 12} "The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed andshall not exceed the prison term specified in the notice provided to theoffender at the sentencing hearing pursuant to division (B)(3) * * * of section 2929.19 of the Revised Code." (Emphasis added.) (Footnote omitted.)
 {¶ 13} In its judgment entries filed May 21, 2002, wherein the trial court sentenced appellant to community control, the trial court noted it "notified the defendant orally and in writing what could happen if the defendant violates Community Control." The Admission of Guilt forms signed by appellant informed him of what would happen if he violated his community control as follows:
 {¶ 14} "If I am sentenced to community control and if I violate any of the conditions imposed, I can be given a longer period under court control, greater restrictions or a prison term of 2 (Two) years.
 {¶ 15} "If I am sentenced to community control and if I violate any of the conditions imposed, I can be given a longer period under court control, greater restrictions or a prison term of 5 years. See, Admission of Guilt Forms filed May 21, 2002 (Case No. 01CR515). *Page 5 
 {¶ 16} "If I am sentenced to community control and if I violate any of the conditions imposed, I can be given a longer period under court control, greater restrictions or a prison term of 3 years.
 {¶ 17} "If I am sentenced to community control and if I violate any of the conditions imposed, I can be given a longer period under court control, greater restrictions or a prison term of 3 years." See, Admission of Guilt Forms filed May 21, 2002 (Case No. 01CR547).
 {¶ 18} We find the trial court indicated to appellant "the specific prison term that may be imposed as a sanction" for violating community control, meeting the requirements of R.C. 2929.19(B)(5) andBrooks. Instead of sentencing appellant to the listed prison terms, two, five, three, and three years, respectively, the trial court sentenced appellant to a total aggregate term of one and one-half years in prison, thereby comporting with R.C. 2929.15(B).
 {¶ 19} Appellant argues that in sentencing appellant to community control, the trial court used the words "can" and "could" as opposed to "will" or "would" in reference to imposing a prison term if appellant violated community control. R.C. 2929.19(B)(5) and Brooks clearly give the trial court options by using the term "may" and not "shall."
 {¶ 20} Upon review, we find the trial court did not err in sentencing appellant following the revocation of his community control.
 {¶ 21} The sole assignment of error is denied. *Page 6 
 {¶ 22} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, P.J., Edwards, J. and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
[1] Appellant maintains the trial court sentenced him to a total term of ten years in prison. A reading of the February 23, 2007 judgment entries clearly state appellant's sentence to be an aggregate one and one-half years. *Page 1