JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Steven Wilson appeals the trial court's decision imposing a prison sentence for a violation of community control. Wilson assigns the following error for our review:
 "I. The trial court was without jurisdiction and abused its discretion and violated Appellant's constitution [sic] and statutory rights when it sentenced Appellant to prison although it never notified Appellant in its journal entries that a prison sentence may be imposed for a violation of community control."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision, vacate Wilson's sentence, and order him discharged. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Wilson on three separate cases. Thereafter, Wilson entered into a plea agreement with the State wherein he pleaded guilty to drug trafficking, trafficking in counterfeit controlled substance, and drug trafficking with a schoolyard specification. The trial court sentenced Wilson to eighteen months of community control with conditions, which included completion of an inpatient drug and alcohol treatment program and electronic home monitoring for six months. In addition, Wilson agreed that after he completed the inpatient drug treatment and electronic monitoring, he would report to his supervisor at the probation department for active probation.
 {¶ 4} About a month later, the trial court issued a capias for Wilson because he failed to report to the probation department. Thereafter, the trial court conducted a probation violation hearing, found Wilson a violator, but continued the community *Page 4 
control. Within months of his violation hearing, the trial court issued another capias for Wilson, who had absconded from the inpatient treatment center.
 {¶ 5} On May 24, 2007, the trial court conducted a probation violation hearing and found Wilson in violation of the conditions of his community control and sentenced him to prison for twelve months. He timely appealed.
 Notification of Specific Prison Term {¶ 6} In his sole assigned error, Wilson argues the trial court lacked jurisdiction to impose a prison term for his violation of the conditions of his community control.
 {¶ 7} R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community control sanction at a sentencing hearing:
 "The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14
of the Revised Code."
 {¶ 8} In State v. Brooks,[1] the Ohio Supreme Court held that, pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must notify the offender, at the time of the sentencing of the specific prison term that may be imposed for a violation of the conditions of the sanction.[2] To *Page 5 
comply with the term "specific," as used in R.C. 2929.19(B)(5), the sentencing court "should not simply notify the offender that in the event of a violation he will receive `the maximum' or another indefinite term such as `up to 12 months,'" but should inform the defendant, in straightforward and affirmative language, of the fixed number of months or years the trial court can impose.[3]
 {¶ 9} In the instant case, at the second probation violation hearing, Wilson's attorney stated:
 "Your Honor, he admits that he's in violation of the Court ordered community control sanctions. * * * But your Honor, I did take the liberty to — prior to coming here to court — to view the journal entries on all three of these cases. All the sentencing journal entries for all three cases the Court ordered inpatient drug treatment for Mr. Wilson. However, your Honor, there is absolutely nothing to indicate on either of these three — in any of those three journal entries, a violation would result in a specific term. I would respectfully submit, your Honor, that the court is therefore without jurisdiction to impose a prison sentence for his violation here today."[4]
 {¶ 10} Our review of the record indicates that the trial court indeed failed to notify Wilson of the specific prison term he would face in the event of a violation of community control. When the trial court fails to comply with R.C. 2929.19(B)(5) and 2929.15 regarding community control sanctions, the court may not impose a prison sentence at a subsequent violation hearing.[5] *Page 6 
 {¶ 11} Since we have found that the trial court erred at the initial sentencing, we now discuss the proper procedure. In Brooks, the court noted the problems associated with remands in community control sentencing cases.[6] The court concluded that where an offender was not properly notified of the specific term that would be imposed, and the offender then appeals after a prison term is imposed under R.C.2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option.[7]
 {¶ 12} Further, the Brooks court also noted that the trial court at the R.C. 2929.15 sentencing must choose one of the other options under R.C. 2929.15(B), such as imposing a longer time under the same sanction or imposing a more restrictive sanction.[8]
 {¶ 13} As was the case in Brooks, we see no need to remand this case for resentencing because Wilson has served a prison term and his community control has expired. Accordingly, we sustain Wilson's sole assigned error; we reverse the trial court's decision, vacate the sentence, and discharge Wilson. Judgment reversed, conviction vacated. It is, therefore, considered that said appellant recover of said appellee his costs herein. *Page 7 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, J., and ANN DYKE, J., CONCUR
[1] 103 Ohio St.3d 134, 2004-Ohio-4746.
[2] Id.
[3] Id. at 19.
[4] Tr. at 35-36.
[5] State v. Hayes, Cuyahoga App. No. 87642, 2006-Ohio-5924.
[6] 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 33.
[7] Id.; see, also, State v. Booth, 6thDist. No. L-05-1118, 2006-Ohio-2231.
[8] Id *Page 1