The STATE of Ohio, Appellee,

v.

THOMPSON, Appellant.

[Cite as State v. Thompson, 193 Ohio App.3d 44, 2011-Ohio-1606.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 10AP–695.

Decided March 31, 2011.

Ron O'Brien, Franklin County Prosecuting Attorney, and John H. Cousins IV, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and David L. Strait, Assistant Public Defender, for appellant.

BROWN, Judge.

{¶ 1} Defendant-appellant, Forrest D. Thompson, appeals from a judgment of the Franklin County Court of Common Pleas imposing a prison sentence for his community-control violation.

{¶ 2} In March 2000, appellant was indicted by the Franklin County Grand Jury on 15 counts of gross sexual imposition, nine counts of rape, one count of kidnapping, and one count of attempted rape. In June 2002, appellant entered a guilty plea to three counts of gross sexual imposition and one count of sexual battery. The court accepted appellant's plea, found him guilty, and entered a nolle prosequi on the remaining counts in the indictment. On July 24, 2002, the trial court held a sentencing hearing, at which time it imposed a four-year prison sentence on the sexual-battery count. The court further imposed a five-year period of community control on the gross-sexual-imposition counts, to be served upon completion of the prison term. At the hearing, the trial court cautioned appellant that if he violated the terms of his community control:

[The court] can add additional conditions, or [the court] can revoke the community control and impose a sentence on each of these counts.

If the court has to impose a sentence ‘on these counts because of a revocation, the sentence will be the maximum sentence of 18–months, and those sentences would run consecutive to each other. The total would be four-and-a-half years.

{¶ 3} The trial court journalized the sentence in a judgment entry filed July 26, 2002. That entry included language that "[s]hould the Defendant violate the terms of community control, as to [the gross sexual imposition counts], the Court may impose a sentence of 18 months * * * as to each count; said sentences to run consecutive to each other."

{¶ 4} On February 26, 2010, a probation officer filed a request for revocation of probation. The trial court conducted a revocation hearing on June 10, 2010, during which appellant argued that the trial court's sentencing entry did not include essential language informing appellant of the specific prison term that would be imposed in the event of a community-control violation as mandated by R.C. 2929.19(B)(5) and *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837. Appellant specifically argued that the court's statement in the sentencing entry that it "may impose" an 18–month term of imprisonment on each count for violation of community control did not sufficiently apprise him of the specific prison term to be imposed. Acknowledging that the use of the permissive "may" in the sentencing entry did not comport with the use of the definite "will" at the sentencing hearing, the trial court nonetheless declined to address appellant's argument, finding it unnecessary because appellant was currently serving a 10–year prison term on a Pickaway County conviction that formed the basis for his community-control violation.

{¶ 5} After the probation officer testified regarding the Pickaway County conviction, the trial court revoked community control upon a finding that appellant had violated the conditions. The court imposed a 12–month prison term on each of the gross-sexual-imposition counts to run consecutive with each other and with the sentence in the Pickaway County case. On July 7, 2010, the trial court filed a revocation entry journalizing its oral pronouncement of sentence.

{¶ 6} On appeal, appellant assigns the following error:

The trial court erred by imposing a prison sentence for a violation of community control sanctions when the original sentencing entry failed to indicate the specific prison term Appellant faced for such violation.

{¶ 7} Under his single assignment of error, appellant contends that the trial court could not impose a prison term for his community-control violations because it did not notify him at sentencing of the specific prison term that it would impose

if he violated the sanctions. Conceding that the trial court's oral notification at the 2002 sentencing hearing complied with both R.C. 2929.19(B)(5) and *Brooks*, appellant argues, as he did in the trial court, that the trial court's judgment entry did not sufficiently apprise him of the specific prison term to be imposed. Appellant again takes issue with the trial court's statement in the sentencing entry that it "may impose" an 18–month term of imprisonment on each count for violation of community control.

{¶ 8} R.C. 2929.15(A)(1) authorizes trial courts to impose community-control sanctions on certain felony offenders. R.C. 2929.19(B)(5) provides that if a sentencing court decides to impose an authorized community-control sanction at a sentencing hearing, that court "shall notify the offender that, if the conditions of the sanction are violated, [or] if the offender commits a violation of any law, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation."

{¶ 9} R.C. 2929.15(B) reiterates the three options available to the sentencing court and further provides that if a prison term is imposed upon an offender for violating a community-control sanction, the prison term specified "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to [R.C. 2929.19(B)(5) ]."

{¶ 10} In *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, the Supreme Court of Ohio noted that there are two main variables to consider in evaluating a trial court's compliance with the notification requirement of R.C. 2929.19(B)(5): timing and content. Id. at ¶ 13. As to the timing of the notification, the court held that "[p]ursuant to R.C. 2929.15(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing." Id. at paragraph one of the syllabus. The court specifically averred that "notification given in a court's journal entry issued after sentencing does not comply with R.C. 2929.19(B)(5)." Id. at ¶ 18.

{¶ 11} Regarding the content of the notification, the court, noting R.C. 2929.19(B)(5)'s use of the term "specific" to modify "prison term," held that to strictly comply with the statute, a trial court must, "in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as 'twelve months' incarceration,' if the conditions are violated." *Brooks* at ¶ 19. The court emphasized that a trial court could not simply notify

an offender that he or she will receive "the maximum," or a range, such as "six to twelve months," or some other indefinite term, such as "up to 12 months." Id. at ¶ 19, 26–27.

{¶ 12} In the present case, appellant concedes that the trial court sufficiently informed him at the sentencing hearing that it would impose a definite term of imprisonment of 18 months on each of the three gross-sexual-imposition counts if he were to violate the conditions of community control. Appellant, however, cites a number of cases in which appellate courts have held that a trial court must notify an offender of the specific prison term it will impose for a community-control violation both at the sentencing hearing and in the subsequent journal entry as a prerequisite to imposing a prison term. See, e.g., State v. McWilliams, 9th Dist. No. 22359, 2005-Ohio-2148, 2005 WL 1026633; State v. Waite, 8th Dist. No. 92895, 2010-Ohio-1748, 2010 WL 1610496; State v. Goforth, 8th Dist. No. 90653, 2008-Ohio-5596, 2008 WL 4748657; State v. Hobdy, 9th Dist. No. 22645, 2005-Ohio-4944, 2005 WL 2292818; State v. Wilson, 8th Dist. No. 89988, 2008-Ohio-1943, 2008 WL 1822395; State v. Miller–Nelson, 3d Dist. No. 14–07–04, 2007-Ohio-4495, 2007 WL 2473253.

{¶ 13} We decline appellant's invitation to follow the foregoing case law for several reasons. First, decisions of other appellate districts are not controlling authority for this court. Hewitt v. Columbus, 10th Dist. No. 08AP–1087, 2009-Ohio-4486, 2009 WL 2759735, ¶ 21. Second, the Brooks court expressly averred that R.C. 2929.19(B)(5) is not satisfied by notification in a journal entry filed after sentencing. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, at ¶ 18. Finally, in State v. Shamblin, 10th Dist. No. 06AP–716, 2007-Ohio-1172, 2007 WL 778608, this court held that when a trial court properly apprises an offender at the sentencing hearing of the specific prison term that will be imposed upon violation of community control, the written notification in a subsequent journal entry need not be as specific:

[W]hile the written notices, standing alone, may have been insufficient to comply with Brooks, supra, the court's oral notification at the sentencing hearing sufficiently apprised appellant of the specific term. See State v. Kelly, Butler App. No. CA2005–06–149, 2006-Ohio-1664 [2006 WL 846002] (despite fact that judgment entry utilized terms "up to" when referring to potential term of imprisonment, transcript of sentencing hearing clearly reflects that trial court informed appellant of specific imprisonment to be imposed for violating conditions of community control, and, therefore, notification was in compliance with relevant sentencing statutes and the Ohio Supreme Court's ruling in Brooks ); State v. Moffit, Summit App. No. C.A. 22957, 2006-Ohio-3340 [2006 WL 1791298] (where defendant was notified, at sentencing hearing, of specific prison term he would receive if he violated terms of community

control, court's statements at sentencing hearing also served to clarify trial court's judgment entry containing "up to" language; "[c]onsistent with the *Brooks* Court, '[i]t would be overly rigid in [this] case to find that the offender's knowledge of the maximum term for the offense [does] not satisfy the notice requirement of R.C. 2929.19(B)(5)' "). Id., at ¶ 7, quoting *Brooks,* at ¶ 32. Id. at ¶ 14.

{¶ 14} Moreover, even if the trial court were required to include a *Brooks* notification in the sentencing entry, the entry in this case sufficiently apprised appellant of the specific prison term for violation of community control. As noted above, the sentencing entry notified appellant that if he violated the terms of community control, "the Court may impose a sentence of 18 months * * * as to each count; said sentences to run consecutive to each other." Appellant contends that the court's use of the permissive "may" in the entry is insufficient to satisfy *Brooks*, as it "merely stated the maximum penalty instead of the specific term."

{¶ 15} This court rejected a similar argument in *State v. Point,* 10th Dist. No. 09AP–1162, 2010-Ohio-3032, 2010 WL 2637916. There, the trial court placed the defendant on community control and advised him at the sentencing hearing that if he violated the terms of community control, "the ultimate sentence *could* be your four-year prison sentence that I impose." (Emphasis added.) Id. at ¶ 9. The defendant argued that the notification violated *Brooks* and R.C. 2929.19(B)(5) because the trial court did not specifically inform him that it *would* impose a four-year prison term for a violation. Id. at ¶ 10. This court disagreed, explaining how it is both unnecessary and less than accurate to use "will" rather than "may" when apprising an offender about the specific prison term to be imposed upon violation of community control:

First, both *Brooks* and R.C. 2929.19(B)(5) describe the prison term that an offender must be notified of as the term that "may be imposed" for a violation of community control. Neither *Brooks* nor R.C. 2929.19(B)(5) require the trial court to inform the offender of the prison term that the trial court "will" impose upon a community control violation. Indeed, it would be pure speculation for a trial court to advise an offender, without knowing the facts and circumstances of the future violation, what prison term, if any, it would impose. The *Brooks* court expressly noted this concern and stated that the specific prison term, if any, the offender is advised of "is not necessarily what the offender will receive if a violation occurs." *Id.* at ¶ 21.

Second, requiring a trial court to notify an offender of the specific term it may impose for a community control violation is consistent with the dominant purpose of current sentencing procedures: truth in sentencing. *Brooks* at ¶ 25. A trial court has the discretion to impose a prison term less than the term it notified the offender of at sentencing. The *Brooks* notification require-

ment sets the maximum prison term a trial court may impose for a community control violation. A trial court could choose a lesser term, or no prison term at all, depending on the facts and circumstances involved. R.C. 2929.19(B)(5). As noted, this is consistent with the use of the permissive term "may" in R.C. 2929.19(B)(5) and in *Brooks* when describing a trial court's power to impose a prison term. Thus, it is more accurate to notify offenders of the specific prison term that the offender could receive, which informs the offender of the maximum prison term the trial court could impose.

Id. at ¶ 11–12.

{¶ 16} In so concluding, this court cited *State v. Reed*, 3d Dist. No. 4–05–22, 2005-Ohio-5614, 2005 WL 2709536, and *State v. Hall*, 5th Dist. No. 07CA40, 2007-Ohio-6471, 2007 WL 4248286, noting that each court had previously rejected the defendants' interpretation of *Brooks*. As we noted in *Point*, the *Reed* court rejected the argument that a trial court is required to notify a defendant of the specific prison term that "will" be imposed for a community control violation. Similarly, the court in *Hall* rejected the argument that a trial court, in referring to a prison term, must use the words "will" or "would" as opposed to "can" or "could." Id. at ¶ 14.

{¶ 17} The present case illustrates why trial courts are permitted to use the term "may" when notifying offenders about the specific prison term to be imposed for future community-control violations. When sentencing appellant on the community-control violation, the trial court did not impose the maximum prison sentence of three consecutive 18–month prison terms; rather, the court determined that the facts and circumstances of the case warranted something less than the maximum, choosing instead to impose three consecutive 12–month prison terms. Appellant wrongly contends that the trial court was required to speculate as to the exact prison term it would impose for future community-control violations. As we stated in *Point*, "[t]he syllabus in *Brooks*, coupled with a reasonable reading of the entire *Brooks'* decision, indicates that the court was emphasizing the need to notify the offender at sentencing of a specific prison term, not that the trial court would necessarily impose that specific prison term if the offender violated community control." Id. at ¶ 13.

{¶ 18} Accordingly, even if the trial court were required to include a *Brooks* notification in its sentencing entry, the language utilized there satisfied R.C. 2929.19(B)(5) and *Brooks*. *Point*.

{¶ 19} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

FRENCH and DORRIAN, JJ., concur.