DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Joseph M. McWilliams has appealed his sentence for a community control violation imposed by the Summit County Court of Common Pleas. This Court reverses.
 I {¶ 2} On May 22, 2001, Appellant pled guilty to one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fourth degree. Appellant's sentencing hearing was held on June 12, 2001. He was sentenced to complete two years of community control.
 {¶ 3} On March 4, 2002, a capias was issued for Appellant on the charge that he failed to comply with the conditions of his community control. As a result of the capias, Appellant was arrested on April 19, 2002. On June 4, 2002, Appellant pled guilty to violating the terms of his community control and the trial court continued his community control "for an additional period of One (1) year[.]" The trial court also stated in its journal entry that "all [the] terms and conditions imposed on June 12, 2001, * * * remain in full force and effect[.]"
 {¶ 4} On September 14, 2004, Appellant pled guilty to another community control violation. The trial court revoked Appellant's community control and sentenced him to a six-month term of incarceration. Citing State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, Appellant objected to the imposition of incarceration.
 {¶ 5} Appellant has timely appealed his sentence, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred in imposing a prison sentence for a community control violation when it failed to notify appellant of the specific term that would be imposed in the event of such a violation at the original sentencing hearing."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred in sentencing him to a term of incarceration because he was not notified of the consequences for violating community control. Specifically, Appellant has argued that the trial court failed to notify him at his original sentencing of the specific prison term he would receive for a community control violation and therefore, it was prohibited from imposing a term of incarceration. We disagree.
 {¶ 7} In Brooks, the Ohio Supreme Court held that:
"[P]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that my be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Brooks, at ¶ 29.
 {¶ 8} The Supreme Court clarified the timing of the required notification in State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110. TheFraley Court held that:
"[P]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender upon a violation of the offender's community control sanction must, at the time of such sentencing, notify the offender of the specific prison term that may be imposed for an additional violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for such a subsequent violation." Fraley, at ¶ 18.
 {¶ 9} Accordingly, a trial court need not notify a defendant at his original sentencing hearing of the specific prison sentence he will receive for violating community control. But, in order to impose a term of incarceration for a community control violation, the trial court must have previously notified the defendant of the specific prison term he would receive for such a violation. For example, when a trial court sentences a defendant to community control, it may notify the defendant of the specific prison term it will impose for a violation or it may wait to provide such notification. If a defendant appears before a trial court on his first violation of community control and he was not notified of the specific sentence at his original sentencing hearing or at a subsequent proceeding, then the trial court may not sentence him to a term of incarceration. Rather, the trial court may continue the defendant on community control and notify him that another violation will result in the imposition of a specific prison term. Then, if the defendant violates a second time the trial court may impose said term of incarceration.
 {¶ 10} While Appellant's argument that the trial court erred when it failed to notify him at his original sentence of the specific prison term he would receive for violating community control is unsustainable in light of Fraley, this Court must still review Appellant's more general argument that he did not receive any notification of the specific prison term he would receive for violating community control. Appellant argued at oral argument and in a subsequent supplemental brief that the June 4, 2004 Journal Entry did not contain the proper notification pursuant to R.C. 2929.19(B)(5) and 2929.15(B). We agree.
 {¶ 11} Appellant's original sentence for his theft conviction was imposed on June 12, 2001 and the record contains the sentencing journal entry and a transcript of that hearing. Appellant subsequently violated community control and a June 4, 2002 journal entry in the record shows that his community control was continued for another year. The June 4, 2004 Journal Entry does not contain notification of the specific prison term Appellant would receive if he violated community control.
 {¶ 12} We must note that Appellant has failed to provide a transcript from the June 4, 2004 hearing, but we find said failure irrelevant to the instant matter. The issue before this Court is whether a trial court must "notify" a defendant of the specific prison term it will impose for a community control violation at the hearing and in the subsequent journal entry before it can sentence him to a term of incarceration for any subsequent violations. Therefore, since the issue is whether notification must be provided at both stages of sentencing and it is undisputed that it was not provided in the journal entry, the lack of a transcript from the hearing has no bearing on our decision.
 {¶ 13} As previously discussed, the Brooks Court found that a defendant must be notified of the specific prison term he would receive if he violated community control. Brooks at ¶ 29. The Ohio Supreme Court indicated that their decision was influenced by its prior decision inState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. See Brooks at ¶ 14-16. Due to the different issues and statutes involved in Comer, we find the influence indicated by the Brooks Court was that notification must be given at the hearing and in the journal entry. Id.
 {¶ 14} The Ohio Supreme Court also addressed notification in State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, which involved notification of postrelease control conditions. In Jordan, the appellant was not notified during his sentencing hearing of the mandatory post-release control that would be part of his sentence; said notification was contained in the sentencing journal entry. Jordan at ¶ 3. The Jordan Court began its analysis by discussing Comer and Brooks and the developing complexities of sentencing specifically, the trial court's duties at sentencing. Id. at ¶ 17. The Jordan Court then stated that:
"when sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about post release control and is further required to incorporate that notice into its journal entry imposing sentence." Id.
 {¶ 15} The Jordan Court did not distinguish Brooks and its notification requirement from its instant pronouncement. Accordingly, we find that the Ohio Supreme Court intended the same standard to apply inBrooks, that is, notification must be provided at sentencing and in the journal entry.
 {¶ 16} Based on the foregoing and the continuous goal of "truth in sentencing," we hold that a trial court must first notify a defendant at a sentencing hearing of the specific prison term it will impose if he violates community control. Notification must also be contained in the accompanying sentencing journal entry.
 {¶ 17} Having found that the trial court failed to properly notify Appellant under R.C. 2929.19(B)(5) and 2929.15(B), we must determine what sentence the trial court may impose for Appellant's September 2004 violation.
 {¶ 18} After holding that a trial court must inform an offender of the "specific prison sentence" he will receive if he violates the conditions of his community control, the Brooks Court addressed the remedy an appellate court must afford an appealing offender.
"When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing. In community control sentencing cases in which the trial court failed to comply with R.C. 2929.19(B)(5), however, a straight remand can cause problems. Due to the particular nature of community control, any error in notification cannot be rectified by `renotifying' the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Brooks at ¶ 33.
 {¶ 19} In the situation where "a trial court sentences an offender who has violated conditions of community control and the defendant did not receive notice of the specific term under R.C. 2929.19(B)(5) so that a prison term is not an option," at the resentencing the trial court must choose between the only options remaining under R.C. 2929.15(B): 1) impose a longer time under the same sanction or, 2) impose a more restrictive sanction. Id. at fn. 2.
 {¶ 20} Following the standard in Brooks and assuming, arguendo, that the trial court properly notified Appellant at the sentencing hearing, we nonetheless find that the trial court's failure to give requisite notice in its journal entry requires this Court to reverse Appellant's sentence. Further, under the clear mandate of Brooks, the trial court's failure to give the proper notification prohibits it from sentencing Appellant to prison for the September 2004 probation violation. Instead, the trial court is limited to either extending Appellant's community control sanction or imposing a more restrictive sanction. Id. at fn. 2.
 {¶ 21} Based on the foregoing, Appellant's sole assignment of error is well taken.
 III {¶ 22} Appellant's sole assignment of error is sustained. The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J. Moore, J. concur.