DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ransome Moffit, appeals from the judgment of Summit County Court of Common Pleas which sentenced him to four years incarceration for violation of the terms of his community control. This Court affirms.
 I. {¶ 2} On July 25, 2005, Appellant pled guilty to one count of burglary in violation of R.C. 2911.12(A)(2). On August 22, 2005, the trial court sentenced Appellant to two years of community control based on his guilty plea. On October 7, 2005, Appellant pled guilty to a violation of his community control and was sentenced to four years incarceration for the violation. Appellant objected to his sentence, urging that the trial court did not have the authority to sentence him to prison because of errors in his original journal entry. The trial court disagreed and journalized Appellant's sentence. Appellant timely appealed, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE FOR A COMMUNITY CONTROL VIOLATION WHEN IT FAILED TO NOTIFY APPELLANT IN ITS JOURNAL ENTRY OF THE SPECIFIC TERM THAT WOULD BE IMPOSED IN THE EVENT OF SUCH A VIOLATION."
 {¶ 3} In his sole assignment of error, Appellant contends that the trial court erred in imposing a prison sentence for his community control violation. Specifically, Appellant argues that the trial court was not permitted to sentence him to prison because his journal entry failed to specify the prison term he would receive for a violation. This Court disagrees.
 {¶ 4} In support of his argument, Appellant relies uponState v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746 and Statev. McWilliams, 9th Dist. No. 22359, 2005-Ohio-2148. In Brooks,
the Ohio Supreme Court held that:
"[P]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Brooks, at ¶ 29.
Additionally, in McWilliams, this Court held that: "the Ohio Supreme Court intended [that this] * * * notification must be provided at sentencing and in the journal entry." McWilliams at ¶ 15.
Based upon the above, Appellant urges that his sentence must be reversed. We disagree.
 {¶ 5} In McWilliams, the defendant's journal entry contained no reference to the sanction he would receive if he violated community control. Id. at ¶ 12. Herein, Appellant's journal entry stated as follows:
"Violation of this sentence shall lead to more restrictive sanctions for the Defendant, up to and including a prison term of 4 years[.]"
While we recognize that this provision does not comply with the dictates of Brooks, the remaining rationale contained inBrooks compels this Court to affirm Appellant's sentence.
 {¶ 6} In Brooks, the Court noted that "there are some situations in which we believe that something less than strict compliance will suffice." Brooks at ¶ 32. The Court went on to explain that one such situation included a case wherein the defendant was informed of the specific term he would receive and later was merely informed that he would receive the maximum term. The Court found that when the specific term and the maximum term were the same, the trial court's notice would be sufficient. Id. The Court further noted that "other notifications to the offender may be used to clarify or supplement what is later said[.]" (Emphasis omitted.) Id. at ¶ 18.
 {¶ 7} Herein, we are confronted with similar facts. At his sentencing hearing, the trial court stated to Appellant:
"Mr. Moffit, this is your last shot. If you don't make it, you are going to spend four more years in prison."
Accordingly, at his sentencing hearing, Appellant was informed of the specific prison term he would receive if he violated the terms of community control. Accordingly, Appellant was placed on notice of the specific term he would receive for a violation and the statements at his sentencing hearing also served to clarify the trial court's judgment entry. Consistent with the Brooks
Court, "[i]t would be overly rigid in [this] case to find that the offender's knowledge of the maximum term for the offense [does] not satisfy the notice requirement of R.C. 2929.19(B)(5)." Id. at ¶ 32. Appellant's sole assignment of error, therefore, is overruled.
 III. {¶ 8} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, P.J. Boyle, J. concur.