JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Twaun Hayes ("Hayes"), appeals the trial court's decision finding that he violated his community control conditions and ordering him to serve an eight-month term of incarceration. Finding merit to the appeal, we reverse the judgment, vacate his community control violation, and order him discharged.
 {¶ 2} In May 2005, Hayes was convicted of drug possession and was sentenced to one year of community control sanctions. In December 2005, he was charged with violating his community control conditions, specifically, that he failed to pay his court costs and fines, failed to verify attendance at AA meetings, failed to obtain and maintain employment, and failed to establish paternity for purposes of paying child support.
 {¶ 3} Following a colloquy between Hayes and the trial court, Hayes was found to be in violation of his community control conditions and was ordered to serve eight months in prison.
 {¶ 4} Hayes appeals, raising two assignments of error.
 Imposition of Imprisonment {¶ 5} In his first assignment of error, Hayes argues that the trial court erred in imposing a term of imprisonment when the court had failed at his sentencing to advise him that a term of imprisonment may be imposed if he violated community control sanctions. The State concedes that the trial court erred in imposing the term of imprisonment.
 {¶ 6} "Pursuant to R.C. 2929.19(B)(5) and R.C. 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Statev. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus.
 {¶ 7} In the instant case, we are unable to determine from the record before us whether the trial court verbally advised Hayes of the specific prison term that would be imposed if he violated the community control conditions. Nevertheless, the trial court's journal entry originally sentencing Hayes to community control sanctions is entirely devoid of any suspended sentence or any notification to Hayes as to the specific prison term he faced if he violated the community control sanctions. When the trial court fails to comply with R.C. 2929.19(B)(5) and2929.15 regarding community control sanctions, the court may not impose a prison sentence at a subsequent violation hearing.
 {¶ 8} Therefore, we find that the trial court erred in imposing a term of imprisonment for the alleged community control violation because Hayes was not advised at his original sentencing that he would be subject to prison time if he violated the community control sanctions.
 {¶ 9} Accordingly, the first assignment of error is sustained.
 Confrontation of Witnesses {¶ 10} Hayes argues in his second assignment of error that his due process rights were violated when he was denied an opportunity to confront and cross-examine the witnesses against him.
 {¶ 11} A community control revocation hearing is not a criminal trial, so the State is not required to establish a violation of the terms of community control "beyond a reasonable doubt." State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778, 600 N.E.2d 821. Instead, the quantum of evidence required to establish a violation and to revoke a community control sanction must be "substantial." Hylton, supra at 782. In a community control violation hearing, the trial court must consider the credibility of the witnesses and make a determination based on substantial evidence. State v. Miller, Franklin App. No. 03AP-1004, 2004-Ohio-1007. A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion. Id.
 {¶ 12} We find that the trial court abused its discretion in determining that Hayes violated the terms of his community control sanctions. First, we find absolutely no evidence in the record of the revocation hearing to support the trial court's decision that Hayes violated his community control conditions. We also find that the trial court violated Hayes' due process rights.
 {¶ 13} A trial court must comply with six minimum due process requirements in a probation revocation case. State v. Miller
(1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259. These requirements are:
"(a) written notice of the claimed violations of parole (probation); (b) disclosure to the parolee (probationer) of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body * * * and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking * * * parole (probation)." Id.
 {¶ 14} In the instant case, the trial court failed to comply with these mandates by refusing to allow Hayes the opportunity to cross-examine and to confront any adverse witnesses, specifically, his probation officer. In fact, no witnesses were called to testify regarding Hayes' alleged violations. When Hayes' counsel requested a continuance in order to verify that Hayes was in compliance with all conditions, the trial court denied the request and proceeded to rely on Hayes' presentence investigation report from his original sentencing hearing.
 {¶ 15} The failure to grant the requested continuance, especially when Hayes' probation officer was not present at the hearing, constitutes an abuse of discretion. Therefore, we find that the trial court committed reversible error in denying Hayes his due process rights.
 {¶ 16} The State argues that these due process violations constitute harmless error because Hayes admitted to various community control violations. A defendant's own admissions are sufficient to prove a violation of community control conditions.State v. Willis, Fairfield App. No. 05 CA 42, 2005-Ohio-6947. See, also, State v. Stephens, (May 28, 1999), Huron App. No. H-98-045. Therefore, it is harmless error if some of the evidence admitted by the trial court was impermissible. Id.
 {¶ 17} The State claims that Hayes admitted that he was unemployed and that he had not paid his fines as ordered. We disagree. Contrary to the State's argument, Hayes did not admit that he violated any of his community control conditions. Thus, the errors were not harmless.
 {¶ 18} The original sentencing entry provides that Hayes had until April 13, 2006 to pay all "financial obligations." These obligations included court costs and fines. The community control revocation hearing occurred on December 14, 2005, well before the deadline for payment of the fines. Clearly, Hayes did not violate his community control conditions by not paying his fines before December 14.
 {¶ 19} Moreover, we also find that Hayes did not admit that he was unemployed. The record shows that Hayes merely attempted to explain why he was not employed at the time of the hearing. This does not amount to an admission that he violated his community control conditions. The record demonstrates that he obtained and maintained employment until he was wrongfully arrested. Because of the arrest, he lost his job.
 {¶ 20} Therefore, we find that the trial court committed reversible error and abused its discretion in finding Hayes to be in violation of his community control conditions.
 {¶ 21} Accordingly, we find merit to the second assignment of error.
 {¶ 22} Judgment reversed and case remanded with instructions to vacate the finding that he violated his community control sanction and to discharge Hayes.
It is ordered that appellant recover from appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and McMonagle, J. concur.