DECISION AND JUDGMENT
{¶ 1} Appellant, Walter N. Polus, appeals the judgment of the Ottawa County Court of Common Pleas. Polus was indicted for burglary, a violation of R.C. 2911.12(A)(3) and a felony of the third degree; breaking and entering, a violation of R.C. 2911.13(B) and a felony of the fifth degree; and assault, a violation of R.C. 2903.13(A) and a misdemeanor of the first degree. He entered a plea of guilty to each count. *Page 2 
 {¶ 2} On November 27, 2006, Polus was sentenced. The journal entry of sentencing shows that Polus was ordered to serve three years of community control. His community control was conditioned upon his refraining from possessing, consuming, or purchasing any alcoholic beverages or any "substance of abuse"; attending a drug and alcohol treatment program; and submitting to periodic urinalysis under the supervision of the probation department. The judgment entry of sentencing does not, however, state what definite prison term Polus would receive for a violation of his community control.
 {¶ 3} On September 4, 2007, Darla Clemons, a probation officer, filed a complaint alleging that Polus had violated his community control. It alleged that Polus had been charged with forgery, a felony of the fifth degree, driving under a suspended license, a misdemeanor of the first degree, and taking the identity of another, a misdemeanor of the first degree. It also alleged that Polus had tested positive for marijuana, and had been viewed consuming alcohol inside a bar.
 {¶ 4} At the community control revocation hearing, Polus admitted the truth of the allegations as charged in the complaint. The trial court then revoked Polus' community control and proceeded immediately to sentencing. The trial court imposed a term of five years incarceration for burglary, a term of 12 months incarceration for breaking and entering, and a term of 180 days in the Ottawa County Detention Facility for misdemeanor assault. The terms were ordered to run consecutively for a total term of six and one-half years incarceration. *Page 3 
 {¶ 5} From that judgment, Polus appealed. His appointed appellate counsel has filed a brief in accordance with Anders v.California (1967), 386 U.S. 738, requesting that he be allowed to withdraw.
 {¶ 6} Counsel appointed to pursue this appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v.California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, he can discern no errors by the trial court prejudicial to Polus which present issues meriting review.
 {¶ 7} Counsel raises one potential error "that might arguably support the appeal." Anders, supra, at 744. Counsel requests permission to withdraw on the basis that this case presents no issues meriting review. Counsel states that a copy of both the brief and motion to withdraw have been served upon Polus. Polus has not filed a brief on his own behalf. The state has not filed a brief in response. Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra, and Penson v. Ohio (1988), 488 U.S. 75.
 {¶ 8} We are required, pursuant to Anders, supra, to review the record and independently determine whether counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. Counsel for appellant argues the following proposed assignment of error: *Page 4 
 {¶ 9} "The trial court erred to the prejudice of the appellant/defendant by sentencing him to a maximum sentence of five years on a third degree felony charge of burglary."
 {¶ 10} Upon review of the entire record, we find that an arguable issue exists for appeal. Polus' judgment entry sentencing him to community control does not reflect the definite prison term that he would receive for a violation of community control. Polus' appointed appellate counsel did not request and file a transcript of the hearing at which Polus was sentenced to community control.
 {¶ 11} R.C. 2929.19(B)(5) requires a trial court, when sentencing a defendant to community control, to notify the defendant that "if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."
 {¶ 12} A trial court may not impose a prison term for a violation of community control if the offender was not notified of the specific prison term in compliance with R.C. 2929.19(B)(5).State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746;State v. Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110;State v. Grace, 6th Dist. Nos. L-05-1178, L-05-1179, 2006-Ohio-1231; State v.McWilliams, 9th Dist. No. 22359, 2005-Ohio-2148. *Page 5 
 {¶ 13} The journal entry of sentencing imposing community control does not specify a sentence in compliance with R.C. 2929.19(B)(5). The record does not include a transcript of the October 12, 2006 sentencing hearing.
 {¶ 14} An Anders brief is not a substitute for an appellate brief argued on the merits. McCoy v. Court of Appeals ofWisconsin, District 1 (1988), 486 U.S. 429, 439. Because we have found an arguable issue exists for appeal, we must "appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief * * *" before we can decide the merit of the issue. Id. at 444. See, also, Penson v. Ohio (1988),488 U.S. 75, 85.
 {¶ 15} Accordingly, appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. We appoint James Schaller, 320 N. Michigan, 1st Floor, Toledo, Ohio, 43604, as appellate counsel in this matter, and direct him to prepare an appellate brief discussing the arguable issue identified in this decision, and any further arguable issues which may be found in the record.
 {¶ 16} Appellant's brief is to be filed within 30 days of the date the transcript is filed. Appellee's brief shall be filled within 20 days after service of appellant's brief.
MOTION GRANTED. *Page 6 
Peter M. Handwork, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR.