[Cite as *State v. Harper*, 2011-Ohio-2041.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95718**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KELLEN HARPER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED; SENTENCE VACATED;
CASE REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-525015

**BEFORE:**   Cooney, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   April 28, 2011
**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Lorraine Debose
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Kellen Harper ("Harper"), appeals the trial court's imposition of an 18-month prison term after finding that he violated his community control conditions. Finding merit to the appeal and accepting the State's concession, we vacate his sentence and remand for resentencing.

{¶ 2} In August 2009, Harper pled guilty to attempted burglary and unlawful sexual conduct with a minor. He was sentenced to two years of community control sanctions. In

August 2010, he was charged with violating his community control sanctions and sentenced to two concurrent terms of eighteen months in prison.

{¶ 3} Harper now appeals, raising one assignment of error.

## Imposition of Imprisonment

{¶ 4} In his sole assignment of error, Harper argues that the trial court erred in imposing a term of imprisonment when the court failed at sentencing to advise him that a term of imprisonment may be imposed if he violated community control sanctions. The State concedes this issue.

{¶ 5} "Pursuant to R.C. 2929.19(B)(5) and R.C. 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus.

{¶ 6} In the instant case, the record shows that the trial court failed to verbally advise Harper during his original sentencing of the specific prison term that would be imposed if he violated the community control conditions. Moreover, the trial court's journal entry sentencing Harper to community control sanctions is entirely devoid of any notification to Harper as to the specific prison term he would face if he violated the community control

sanctions. When the trial court fails to comply with R.C. 2929.19(B)(5) and 2929.15 regarding community control sanctions, the court may not impose a prison sentence at a subsequent violation hearing. See *State v. Hayes*, Cuyahoga App. No. 87642, 2006-Ohio-5924.

**{¶ 7}** Therefore, we find that the trial court erred in imposing a term of imprisonment for the community control violation because Harper was not advised at his original sentencing that he would be subject to prison time if he violated the community control sanction.

**{¶ 8}** Accordingly, the sole assignment of error is sustained.

Judgment reversed. Sentence vacated, and case remanded for resentencing.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR