[Cite as *State v. Bartlett*, 2012-Ohio-103.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96501**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARCUS J. BARTLETT

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-533887

**BEFORE:** Blackmon, A.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 12, 2012

-i-

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
Crown Center, Suite 600
5005 Rockside Road
Cleveland, Ohio 44131

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Diane Russell
Daniel T. Van
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

{¶ 1}   Appellant Marcus Bartlett appeals the trial court's imposition of a prison term after finding that he violated his community control sanctions.   Bartlett assigns the following error for our review:

> **"I. The trial court erred in the imposition of a prison sentence when it failed to inform the defendant of possible incarceration at the time of the original sentencing."**

{¶ 2}   Having reviewed the record and pertinent law, we dismiss this appeal as moot. The apposite facts follow.

{¶ 3}   On May 10, 2010, Bartlett pleaded guilty to one count of criminal damaging and one count of possession of criminal tools. The trial court imposed an 11-month jail sentence, subsequently suspended the sentence, and placed Bartlett on two years of community control sanctions.   The community control sanctions required Bartlett to submit to drug testing and to   participate in drug counseling.

{¶ 4}   On October 14, 2010, Bartlett tested positive for drugs.    At a hearing on November 10, 2010, Bartlett admitted that he violated the terms of his community control sanctions.   Thereafter, the trial court sentenced Bartlett to jail for 11 months.   Bartlett has served the imposed jail sentence.

## Imposition of Imprisonment

{¶ 5}   In his sole assignment of error, Bartlett argues that the trial court erred in imposing a term of imprisonment when the court failed at sentencing to advise him that a term of imprisonment may be imposed if he violated community control sanctions. The state concedes this issue.

{¶ 6}   Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. *State v. Harper*, Cuyahoga App. No. 95718, 2011-Ohio-2041, citing

*State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus.

**{¶ 7}** In the instant case, the record is devoid of any advisement that Bartlett could be sentenced to a specific prison term if he violated the terms of his community control sanctions. Said advisement is also absent from the trial court's journal entry. When the trial court fails to comply with R.C. 2929.19(B)(5) and 2929.15 regarding community control sanctions, the court may not impose a prison sentence at a subsequent violation hearing. See *State v. Hayes*, Cuyahoga App. No. 87642, 2006-Ohio-5924.

**{¶ 8}** We conclude that the trial court erred in imposing a term of imprisonment for Bartlett's community control violation, having failed to advise Bartlett at his original sentencing that he would be subject to prison time if he violated the community control sanctions. However, since Bartlett has completed the imposed sentence, there is no remedy that we can apply that would have any effect in the absence of a reversal of the underlying conviction. *State v. Verdream*, 7th Dist. No. 02 CA 222, 2003-Ohio-7284, citing *State v. Beamon,* 11th Dist. No. 2000-L-160, 2001-Ohio-8712. Given that Bartlett is not challenging his underlying conviction, but rather questioning whether the sentence was correct, the instant appeal is thereby rendered moot.

Appeal dismissed.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR