[Cite as *State v. Brown*, 2018-Ohio-88.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 105211 and 106278**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DEMETRIUS BROWN

DEFENDANT-APPELLANT

## JUDGMENT:
### VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-581262-A, CR-12-568782-A, CR-12-568784-A,
CR-12-568786-A, and CR-12-568930-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** January 11, 2018

**ATTORNEY FOR APPELLANT**

Rachel A. Kopec
1360 E. 9th Street, Suite 910
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Gregory J. Ochocki
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Demetrius Brown ("Brown"), appeals from the 30-month prison sentence he received in the Cuyahoga County Court of Common Pleas for violating the conditions of his community control. He raises the following assignments of error for review:

> 1. The trial court erred when it sentenced appellant to prison without properly advising him of how much of the prison sentence would be imposed if he violated probation.
>
> 2. Even if the trial court was proper in holding that appellant violated his community control sanctions, the trial court erred when it sentenced appellant to consecutive prison terms.

**{¶2}** After careful review of the record and relevant case law, we vacate Brown's sentence and remand for further proceedings consistent with this opinion.

## I. Procedural and Factual History

**{¶3}** In March 2014, Brown pleaded guilty in Cuyahoga C.P. Nos. CR-12-568782-A, CR-12-568784-A, CR-12-568786-A, and CR-12-568930-A to a total of nine counts of criminal nonsupport in violation of R.C. 2919.21(B), felonies of the fifth degree. In Cuyahoga C.P. No. CR-13-581262-A, Brown pleaded guilty to a single count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree.

**{¶4}** In April 2014, the trial court held a joint sentencing hearing in Cuyahoga C.P. Nos. CR-12-568782-A, CR-12-568784-A, CR-12-568786-A, CR-12-568930-A, and CR-13-581262-A. Following an extensive discussion on the record, the trial court imposed six-month prison terms in each case, to run consecutively to each other, for an

aggregate 30-month prison term. The trial court suspended Brown's prison sentence and placed him on a five-year period of community control sanctions.

{¶5} In October 2016, Brown was found to have violated the terms and conditions of his community control sanctions. As a result, the trial court ordered Brown to serve the aggregate 30-month prison term, with credit for time served.

{¶6} Brown now appeals from his aggregate sentence.[1]

## II. Law and Analysis

{¶7} In his first assignment of error, Brown argues that the trial court erred in imposing a term of imprisonment when the court failed to advise him at sentencing that a term of imprisonment may be imposed if he violated the terms and conditions of his community control sanctions.

{¶8} Pursuant to R.C. 2929.19(B)(4):

> If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender *and shall indicate the specific prison term that may be imposed as a sanction for the*

---

[1] On September 19, 2017, this court granted Brown leave to file a delayed appeal pursuant to App.R. 5. In addition, this court consolidated 8th Dist. Cuyahoga Nos. 105211 and 106278 in order to adequately address the legality of the sentences imposed in Cuyahoga C.P. Nos. CR-12-568782-A, CR-12-568784-A, CR-12-568786-A, CR-12-568930-A, and CR-13-581262-A.

*violation*, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.

(Emphasis added.)

**{¶9}** The Ohio Supreme Court has addressed the obligations set forth under R.C. 2929.19(B)(4) (interpreting former analogous R.C. 2929.19(B)(5)), stating:

Pursuant to R.C. 2929.19(B)([4]) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 29. Furthermore, "[s]uch notification must also be contained in the accompanying sentencing journal entry." *State v. Goforth*, 8th Dist. Cuyahoga No. 90653, 2008-Ohio-5596, ¶ 20, citing *State v. McWilliams*, 9th Dist. Summit No. 22359, 2005-Ohio-2148.

**{¶10}** In this case, the state concedes that "the transcript establishes that the trial court did not properly notify Brown of the potential prison term he faced for violating the terms and conditions of his community control sanctions." Thus, the state "respectfully requests that this court vacate [Brown]'s prison sentences in [Cuyahoga C.P. Nos.] CR-12-568782-A, CR-12-568784-A, CR-12-568786-A, CR-12-568930-A, and CR-13-581262-A, and remand those matters back to the trial court for resentencing."

**{¶11}** Following an independent review of the record, we agree that the trial court failed to notify Brown, at the time of the March 2014 sentencing hearing, of the specific prison term that would be imposed if he violated the conditions of his community control sanctions. Moreover, the record reflects that the trial court failed to incorporate the

required notification into the accompanying sentencing journal entries. Accordingly, we find that the trial court erred in imposing a term of imprisonment for the community control violation based on its failure to make the necessary advisements under R.C. 2929.19(B)(4).

{¶12} With respect to the remedy an appellate court must afford an appealing offender, the Ohio Supreme Court has stated, "when a trial court judge gives no notice whatsoever * * * to an offender being sentenced to community control of any prison term that may be imposed if the conditions of community control are violated, a prison term may not be imposed for violation of the conditions." *Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 8. The court explained:

> When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing. In community control sentencing cases in which the trial court failed to comply with R.C. 2929.19(B)([4]), however, a straight remand can cause problems. Due to the particular nature of community control, any error in notification cannot be rectified by "renotifying" the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)([4]) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, *where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option.*

(Emphasis added.) *Id*. at ¶ 33.

{¶13} Because this case involves a direct appeal from the imposition of a prison term under R.C. 2929.15(B), we find the trial court's failure to give the proper

notification at the original sentencing hearing prohibits it from sentencing Brown to a prison term as a result of his subsequent community control sanction violations. Accordingly, we vacate Brown's sentence and remand for a resentencing hearing. At the resentencing, the trial court must choose between the only options remaining under R.C. 2929.15(B): (1) impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in R.C. 2929.15(A), or (2) impose a more restrictive sanction. *Id.* at ¶ 142, fn. 2. *See also State v. Harper*, 8th Dist. Cuyahoga No. 95718, 2011-Ohio-2041, ¶ 6, citing *State v. Hayes*, 8th Dist. Cuyahoga No. 87642, 2006-Ohio-5924, ¶ 7. Here, we note that the trial court has already imposed the maximum five-year period of community control sanctions permitted under R.C. 2929.15(A) in each case.

**{¶14}** Based on the foregoing, Brown's first assignment of error is sustained. His second assignment of error is rendered moot.

**{¶15}** Judgment vacated and remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR